Charles E. Dorkey III (CD-8422)
McKENNA LONG & ALDRIDGE LLP
230 Park Avenue
Suite 1700
New York, NY 10169
(212) 905-8330
(212) 922-1819 (facsimile)

*Attorneys for Defendant NOVA Information Systems, Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MONEX FINANCIAL SERVICES LTD., an Irish corporation, and PLANET GROUP, INC., a Delaware corporation,<br><br>          Plaintiffs,<br><br>      -against-<br><br>NOVA INFORMATION SYSTEMS, INC. a Georgia corporation,<br><br>          Defendant. | Civil Action No.<br>1:07-CV-5837-WHP<br><br>**NOVA INFORMATION SYSTEMS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT AND JURY TRIAL DEMAND** |

  Defendant Nova Information Systems, Inc. ("NOVA"), by its undersigned attorneys, McKenna Long & Aldridge LLP, states for its Answer to Plaintiffs' Complaint, as follows:

  1. Denies the averments contained in Paragraph 1, except admits that Plaintiffs have brought a lawsuit for breach of contract, respectfully refers to the Complaint for the averments contained therein, and admits that NOVA acquired certain assets of Global Card Services, Inc. ("GCS") as part of a Merchant Asset Purchase Agreement dated January 31, 2006 between NOVA, First Horizon Merchant Services, Inc. ("FHMS"), GCS, and First Tennessee Bank National Association (the "Merchant Asset Purchase Agreement").

  2. Denies the averments contained in Paragraph 2 to the extent they are asserted against NOVA, and otherwise denies knowledge or information sufficient to form a belief as to

the truth of the averments, except admits that Plaintiffs, Planet Monex, Inc. ("PMI"), and GCS entered into a Teaming Agreement on December 10, 2001 (the "Teaming Agreement"), that NOVA, Plaintiffs, PMI, and GCS entered into a Consent to Assignment and Assumption of Obligation on May 5, 2006, that NOVA entered into the Merchant Asset Purchase Agreement, and respectfully refers to those agreements for the terms thereof.

    3.    Denies the averments contained in Paragraph 3 to the extent they are asserted against NOVA, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the averments, except admits that NOVA uses certain dynamic currency conversion ("DCC") processes, that GCS and Plaintiffs are parties to the Teaming Agreement, and respectfully refers to that agreement for the terms thereof.

    4.    Denies the averments contained in Paragraph 4.

Jurisdiction and Venue

    5.    Admits the averments contained in Paragraph 5.

    6.    Admits the averments contained in Paragraph 6.

The Parties

    7.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7.

    8.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 8.

    9.    Denies the averments contained in Paragraph 9 to the extent they are asserted against NOVA, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the averments, except admits that Plaintiffs, PMI, and GCS are parties to the Teaming Agreement.

Global Card Services, Inc. ("GCS")

10.     Denies the averments contained in Paragraph 10 to the extent they are asserted against NOVA, otherwise denies knowledge or information sufficient to form a belief as to the truth of the averments, and respectfully refers to GCS' website for the full context in which the quotation appears.

11.     Denies the averments contained in Paragraph 11 to the extent they are asserted against NOVA, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the averments, except admits that Plaintiffs and GCS are parties to Teaming Agreement, and respectfully refers to the Teaming Agreement for the terms thereof.

NOVA

12.     Denies the averments contained in Paragraph 12, except admits that it is a wholly-owned subsidiary of U.S. Bancorp, that GCS is a party to the Teaming Agreement, that Paragraph 12 describes certain portions of NOVA's business, that NOVA and GCS are parties to the Merchant Asset Purchase Agreement, and respectfully refers to those agreements for the terms thereof.

Background Facts

Credit Card Transaction Processing

13.     To the extent Paragraph 13 purports to refer to a factual event that allegedly occurred, denies knowledge or information sufficient to form a belief as to the truth of the averments contained therein, but admits that Paragraph 13 describes in general terms certain portions of certain types of credit card transactions that may occur.

14.     To the extent Paragraph 14 purports to refer to a factual event that allegedly occurred, denies knowledge or information sufficient to form a belief as to the truth of the

averments contained therein, but admits that Paragraph 14 describes in general terms certain portions of certain types of credit card transactions that may occur and how they may be processed.

15. To the extent Paragraph 15 purports to refer to a factual event that allegedly occurred, denies knowledge or information sufficient to form a belief as to the truth of the averments contained therein, but admits that Paragraph 15 describes in general terms certain portions of certain types of credit card transactions that may occur and how they may be processed.

16. To the extent Paragraph 16 purports to refer to a factual event that allegedly occurred, denies knowledge or information sufficient to form a belief as to the truth of the averments contained therein, but admits that Paragraph 16 describes in general terms certain portions of certain types of credit card transactions that may occur and how they may be processed.

Monex's Business

17. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 17.

Planet's Business

18. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 19.

<u>The Teaming Agreement</u>

20.   Denies the averments contained in Paragraph 20, except admits that the Teaming Agreement was entered on December 10, 2001, and respectfully refers to that agreement for the terms thereof.

21.   Denies the averments contained in Paragraph 21 to the extent they are asserted against NOVA, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the averments, except admits that DCC is known in the credit card processing industry and is not unique to Plaintiffs.

22.   Denies the averments contained in Paragraph 22 to the extent they are asserted against NOVA, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the averments, except admits that GCS and Plaintiffs are parties to the Teaming Agreement, and respectfully refers to that agreement for the terms thereof.

23.   Denies the averments contained in Paragraph 23 to the extent they are asserted against NOVA, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the averments, except admits that GCS and Plaintiffs are parties to the Teaming Agreement, that NOVA and GCS are parties to the Merchant Asset Purchase Agreement, and respectfully refers to those agreements for the terms thereof.

24.   Denies the averments contained in Paragraph 24 to the extent they are asserted against NOVA, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the averments, except admits that GCS and Plaintiffs are parties to the Teaming Agreement, and respectfully refers to that agreement for the terms thereof.

### Planet/Monex Perform Under the Teaming Agreement

25.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 25.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 26.

27.    Denies the averments contained in Paragraph 27 to the extent they are asserted against NOVA, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the averments, except admits that certain of the original parties to the Teaming Agreement obtained Royal Caribbean Cruises Ltd. ("RCCL") as a customer of GCS to use DCC services provided by Plaintiffs, that Monex made certain payments to NOVA for DCC-related services provided to RCCL, that GCS and Plaintiffs are parties to the Teaming Agreement, and respectfully refers to that agreement for the terms thereof.

28.    Denies the averments contained in Paragraph 28 to the extent they are asserted against NOVA, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the averments, except admits that NOVA continued to make certain payments to Plaintiffs until December 2006 when the Teaming Agreement expired, that GCS and Plaintiffs are parties to the Teaming Agreement, and respectfully refers to that agreement for the terms thereof.

29.    Denies the averments contained in Paragraph 29 to the extent they are asserted against NOVA, and otherwise denies knowledge or information sufficient to form a belief as to the averments, except admits that RCCL contracted with another DCC service provider due to Plaintiffs' failure to meet RCCL's DCC service requirements.

30.  Denies the averments contained in Paragraph 30 to the extent they are asserted against NOVA, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the averments, except admits that GCS and Plaintiffs are parties to the Teaming Agreement, and respectfully refers to that agreement for the terms thereof.

31.  Denies the averments contained in Paragraph 31, except admits that certain correspondence was exchanged between the parties, and respectfully refers to that correspondence for the contentions contained therein.

## FIRST CLAIM FOR RELIEF

32.  NOVA restates and incorporates herein by reference its response to each and every averment contained in Paragraphs 1 through 31 as if such responses were set forth verbatim herein.

33.  Denies the averments contained in Paragraph 33.

34.  Denies the averments contained in Paragraph 34.

35.  Denies the averments contained in Paragraph 35.

36.  Denies the averments contained in Paragraph 36.

## SECOND CLAIM FOR RELIEF

37.  NOVA restates and incorporates herein by reference its response to each and every averment contained in Paragraphs 1 through 36 as if such responses were set forth verbatim herein.

38.  Denies the averments contained in Paragraph 38.

39.  Denies the averments contained in Paragraph 39.

40.  Denies the averments contained in Paragraph 40, except admits that GCS and Plaintiffs are parties to the Teaming Agreement, that NOVA and GCS are parties to the

Merchant Asset Purchase Agreement, and respectfully refers to those agreements for the terms thereof.

    41.    Denies the averments contained in Paragraph 41.

    42.    Denies the averments contained in Paragraph 42.

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

NOVA did not breach any purported contractual obligations allegedly owed to Plaintiffs.

### THIRD DEFENSE

Plaintiffs' claims are barred, because Plaintiffs were not damaged by any alleged action or inaction by NOVA.

WHEREFORE, having fully answered Plaintiffs' Complaint, NOVA respectfully demands and prays that:

    a)    judgment be entered in favor of NOVA and against Plaintiffs on all counts of Plaintiffs' Complaint;

    b)    that Plaintiffs' Complaint be dismissed with prejudice and that all costs of this action be assessed against Plaintiffs; and

    c)    that this Court award such other and further relief as may be justified by the evidence and the law or that may be deemed appropriate by this Court.

## JURY TRIAL DEMAND

Defendant, NOVA Information Systems, Inc., hereby demands a trial by jury of this action.

Dated: August 16, 2007
      New York, New York

                              McKENNA LONG & ALDRIDGE LLP

                              _____
                              Charles E. Dorkey III (CD-8422)
                              230 Park Avenue
                              Suite 1700
                              New York, NY 10169
                              (212) 905-8330
                              (212) 922-1819 (facsimile)

                              Of Counsel:

                              Jane Moffat
                              McKenna Long & Aldridge LLP
                              230 Park Avenue
                              Suite 1700
                              New York, NY 10169
                              (212) 905-8309
                              (212) 922-1819 (facsimile)

                              Phillip A. Bradley
                              Georgia Bar No. 075137
                              Jeremy M. Moeser
                              Georgia Bar No. 515198
                              McKenna Long & Aldridge LLP
                              303 Peachtree Street, N.E.
                              Suite 5300
                              Atlanta, GA  30308
                              (404) 527-4000
                              (404) 527-4198 (facsimile)

                              *Attorneys for Defendant NOVA Information Systems, Inc.*

Charles E. Dorkey III (CD-8422)
McKENNA LONG & ALDRIDGE LLP
230 Park Avenue
Suite 1700
New York, NY 10169
(212) 905-8330
(212) 922-1819 (facsimile)

*Attorneys for Defendant NOVA Information Systems, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONEX FINANCIAL SERVICES LTD., an Irish corporation, and PLANET GROUP, INC., a Delaware corporation,<br><br>                    Plaintiffs,<br><br>-against-<br><br>NOVA INFORMATION SYSTEMS, INC. a Georgia corporation,<br><br>                    Defendant. | Civil Action No.<br>1:07-CV-05837-WHP<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that I have this day served a copy of the within and foregoing upon counsel via U.S. Mail postage prepaid to ensure delivery.

        Jeffrey A. Schwab
        Richard L. Crisona
        ABELMAN, FRAYNE & SCHWAB
        666 Third Avenue
        New York, NY 10017

Dated: August 16, 2007
       New York, New York

_____
Charles E. Dorkey III

ATLANTA:4936224.6