IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MONEX FINANCIAL SERVICES LTD., et ano.,

Plaintiffs,

-against-

NOVA INFORMATION SYSTEMS, INC.,

Defendant.

07 Civ. 5837 (WHP)

## STIPULATED PROTECTIVE ORDER

Upon motion of all the parties for a Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

1. All documents and tangible information produced by the parties in response to any request for production or by a non-party in response to any subpoena are subject to the terms and conditions of this Stipulated Protective Order (the "Order"). For purposes of this Order, the word "documents" is defined to include the broadest possible definition under the Federal Rules of Civil Procedure, and also includes interrogatory answers filed in this action, responses to requests to admit filed in this action, transcripts of and exhibits to depositions, and any portions of any court papers filed in this action that quote from or summarize any of these items.

2. All Classified Information (as defined below) produced or exchanged in the course of this litigation must be used solely for the purpose of preparation and trial of this litigation and for no other purpose, and cannot be disclosed to any person except in accordance with the terms of this Order.

3. "Classified Information" means any information of any type, kind or character which is designated as "Confidential" or "For Counsel Only" by any of the supplying parties

(including third parties) or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.

    4. Only trade secrets; sensitive business or financial information; confidential research, development, or commercial information; confidential or private personal information; or other information which, if disclosed, could cause unwarranted damage to the person or entity designating the document or any unwarranted damage to third parties doing business with the parties to this litigation may be designated as "Confidential" under the terms of this Order. Such information may be designated as "For Counsel Only" only if the disclosure of that information to the opposing Party would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of corporate parties. In designating information as "Confidential" or "For Counsel Only," a party will make such designation only as to the information that it in good faith believes contains confidential information or information needing the protection of this Order. Information or material that is available to the public, including catalogues, advertising materials, and the like, cannot be designated as Classified Information.

    5. "Qualified Persons" means:

    a. Attorneys of record for the parties in this litigation, employees of such attorneys to whom it is necessary that Classified Information be shown for purposes of this litigation, and two in-house counsel for each party who have signed a document in the form of Exhibit A agreeing to be bound by the terms of this Order (such signed

document to be maintained by the attorney retaining such person and provided to the opposing party upon request);

  b. Independent technical experts or consultants who have signed a document in the form of Exhibit A agreeing to be bound by the terms of this Order (such signed document to be maintained by the attorney retaining such person);

  c. Two party representatives (in cases where the party is a legal entity) who shall sign a document in the form of Exhibit A agreeing to be bound by the terms of this Order (such signed document to be maintained by the attorney designating such person and provided to the opposing party upon request at the conclusion of the action);

  d. The Court, the Court's staff, witnesses at court hearings and trial, and the jury; and

  e. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice and hearing to all parties.

  6. Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" information by marking each page of the documents so designated with a stamp stating "Confidential" or "For Counsel Only."

  7. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order. Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" by notifying all of the

parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" thereafter. Each party must attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts must be treated as "For Counsel Only" for a period of thirty (30) days after the receipt of the transcript. To the extent possible, the court reporter must segregate into separate transcripts information designated as "Confidential" or "For Counsel Only." Should counsel for any party disagree with the designation, all parties nonetheless shall treat the information in question as it was designated until the Court is able to resolve the issue.

       8. a. "Confidential" information cannot be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" must be restricted in circulation to Qualified Persons described in Paragraphs 5(a), (b), (d) and (e) above.

       b. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons described in Paragraph 5(a), (b) or (c) above, must be maintained only at the offices of such Qualified Person and only working copies can be made of any such documents by such Qualified Person.

       9. Copies of Classified Information produced under this Order may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purpose of this litigation.

       10. Documents unintentionally produced without designation as Classified Information may be retroactively designated by notice in writing of the designated class of each document by Bates number, and must be treated appropriately from the date written notice of the

designation is provided to the receiving party. Documents to be inspected must be treated as "For Counsel Only" during inspection. At the time of copying for the receiving parties, such inspected documents can be stamped prominently "Confidential" or "For Counsel Only," as appropriate, by the producing party.

11. Nothing in this Order prevents disclosure beyond the terms of this Order if each party designating the information as Classified Information consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything in this Order prevent any counsel of record from disclosing Classified Information to any person who is indicated on the document as being an author, source or recipient of the Classified Information, irrespective of which party produced such information.

12. A party is not obligated to challenge the propriety of a designation as Classified Information at the time made, and a failure to do so will not preclude a later challenge to a designation. If any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only," the parties must first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may object in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only." The designating party is then required to move the Court for an order preserving the designated status of such Classified Information within ten (10) business days of receipt of the written objection, and failure to do so will constitute a termination of the restricted status of such item. The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Order.

13. Nothing will be regarded as "Confidential" or "For Counsel Only" information if it is information that either:

    a. is in the public domain at the time of disclosure, as evidenced by a written document;

    b. becomes part of the public domain through no fault of the other party, as evidenced by a written document;

    c. the receiving party can show by written document that the information was already in its rightful and lawful possession at the time of disclosure; or

    d. the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

14. If a party uses any Classified Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such party must seek leave of Court to file any such affidavits, briefs, memoranda of law or other papers under seal. If leave to file under seal is granted, the party must also file with the Clerk of the Court a redacted version omitting any Classified Information.

15. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents containing Classified Information produced by a party in the possession of any of the persons qualified under Paragraphs 5(a) through (e) must be returned to the producing party or destroyed by the receiving party, except that counsel for the parties may keep copies of Classified Information as part of the case file (but must maintain them under the terms of this Order) or except as this Court may otherwise order. The provisions of this Paragraph do not apply: (a) to documents

that are used as exhibits in Court, unless such exhibits were filed under seal, or (b) if a party seeks either the written permission of the producing party or order of the Court to keep Classified Information.

16. This Order does not bar any attorney of record in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of Classified Information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney cannot disclose the specific contents of any "Confidential" or "For Counsel Only" information produced by another party herein, if disclosure would be contrary to the terms of this Order.

17. Inadvertent disclosure shall not be considered a waiver of the attorney-client privilege, work product doctrine, or any other privilege or immunity. If a party inadvertently discloses any information, including, but not limited to, electronically stored information, protected by the attorney-client privilege, work product doctrine, or any other privilege and informs the receiving party thereof in writing about the inadvertent disclosure, the receiving party shall immediately make prompt and reasonable efforts to protect the information and retrieve it from any person not entitled to receive it and shall return the information immediately to the producing party. The receiving party may challenge the producing party's claim that the information is legally privileged and/or confidential, but shall take no further action inconsistent with the designation until such time as the challenge is resolved. The parties shall take measures reasonably calculated to avoid inadvertent disclosure of information and materials that are "Classified Information" or are protected by the attorney-client privilege, work product doctrine, or any other privilege. With respect to such protective measures, particularly as to any production of electronically stored information, reasonable efforts should take into account all

relevant circumstances, including, for example, the volume and form of the information, so as to avoid undue burden and expense on the producing party.

      18. This Court retains jurisdiction of the parties hereto respecting any dispute between the parties regarding the improper use of information disclosed under protection of this Order and shall indefinitely retain such authority.

SIGNED this the ___9th___ day of _January_, 2008.

                                                             U.S.D.J.

AGREED:

Jeffrey A. Schwab (JS 9592)　　　　　　Charles E. Dorkey III (CD 8422)
Richard L. Crisona (RC 2203)　　　　　　McKenna Long & Aldridge LLP
ABELMAN, FRAYNE & SCHWAB　　　　　　230 Park Avenue
666 Third Avenue　　　　　　　　　　　　Suite 1700
New York, New York 10017　　　　　　　New York, New York 10169
Telephone:　(212) 949-9022　　　　　　Telephone: (212) 905-8330

*Attorneys for Plaintiffs*

                                            McKenna Long & Aldridge LLP
                                            Philip A. Bradley (Georgia Bar No. 075137)
                                            Jeremy M. Moeser (Georgia Bar No. 515198)
                                            303 Peachtree Street, N.E.
                                            Suite 5300
                                            Atlanta, Georgia 30308
                                            Telephone: (404) 527-4000

                                            *Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONEX FINANCIAL SERVICES LTD., *et ano*,<br><br>Plaintiffs,<br><br>-against-<br><br>NOVA INFORMATION SYSTEMS, INC.,<br><br>Defendant. | 07 Civ. 5837 (WHP) |

UNDERTAKING OF _____

I, _____, hereby declare under penalty of perjury under the laws of the United States of America as follows:

1. My address is _____.

2. My present employer is _____, and the address of my present employer is _____.

3. I have received a copy of the Stipulated Protective Order in the above-captioned proceeding.

4. I have carefully read and understand the provisions of the Stipulated Protective Order.

5. I will comply with all of the provisions of the Stipulated Protective Order to the extent that they concern my involvement in the above-captioned proceeding.

6. I will hold in confidence, will not disclose to any one not qualified under the Stipulated Protective Order, and will use only for purposes of this proceeding documents or information designated by a party or a non-party to the above-captioned proceeding as "Confidential" or For Counsel Only" if I am qualified to receive and receive such information.

**EXHIBIT A**

I, _____ hereby declare under penalty of perjury under the laws of the United States of America this \_\_ day of _____, 200\_, that the foregoing is true and correct.

_____
(Signature)

NY:12050522.3

2