USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/18/2008

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MONEX FINANCIAL SERVICES LTD., et ano,

        Plaintiffs,

    -against-

NOVA INFORMATION SYSTEMS, INC.,

        Defendant.

07 Civ. 5837 (WHP)

## STIPULATION REGARDING EXPERT DISCOVERY

The parties hereto, through their respective counsel of record, hereby stipulate to the following regarding the scope of expert discovery.

1. In order to avoid consuming the parties' and the Court's time and resources on potential discovery issues relating to experts, the parties have agreed to certain limitations on the scope of expert-related discovery. Neither the terms of the stipulation nor the parties' agreement to them implies that any of the information restricted from discovery in this stipulation would otherwise be discoverable.

2. With respect to testifying-expert discovery, neither the expert witness nor the party retaining him or her need produce documents, or answer deposition questions or interrogatories about, the following:

    a. communications between the expert, the expert's assistants, the expert's clerical staff, one or more other expert witnesses or non-testifying expert consultants, or counsel for the party retaining the expert (including oral or written communications, correspondence, notes or memoranda memorializing the same) unless the expert witness is relying upon those communications in connection with the expert witness' opinions in this matter.

b. draft reports, draft studies, draft work papers, preliminary or intermediate calculations, computations or data runs; or other preliminary, intermediate, or draft materials prepared by, for, or at the direction of an expert witness unless the expert witness is relying upon any of the foregoing in connection with the expert witness' opinions in this matter.

3. Except as provided in paragraph 2, this Stipulation will not relieve a testifying expert witness, or the party retaining him or her, of the obligation to produce other documents required to be produced by Federal Rule of Civil Procedure 26(a)(2)(B), including communications (and notes and memoranda memorializing the same) between the expert and others who (1) worked for or consulted with the expert witness, (2) prepared materials that the expert witness considered, or (3) were interviewed and provided information to the expert witness that he or she considered in forming opinions in this matter.

4. Unless independently discoverable, a party or its agents need not produce documents prepared, collected or considered by a non-testifying expert or consultant (or permit testimony about them) that were not provided to and considered by an expert witness in forming opinions in this matter.

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.

1/16/2008

Dated: January 9, 2008
      New York, New York

_____
Jeffrey A. Schwab (JS 9592)
Richard L. Crisona (RC 2203)
ABELMAN, FRAYNE & SCHWAB
666 Third Avenue
New York, New York 10017
Telephone: (212) 949-9022

*Attorneys for Plaintiffs*

_____
Charles E. Dorkey III (CD 8422)
S. Jane Moffat (SM 0912)
MCKENNA LONG & ALDRIDGE LLP
230 Park Avenue
Suite 1700
New York, New York 10169
Telephone: (212) 905-8330

Philip A. Bradley (Georgia Bar No. 075137)
Jeremy M. Moeser (Georgia Bar No. 515198)
MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, N.E.
Suite 5300
Atlanta, Georgia 30308
Telephone: (404) 527-4000

*Attorneys for Defendant*

Dated: 1/16/2008
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

NY:12050701.1